## 11706

### COLUMBIA FISH & ICE CO. v. ATLANTIC COAST LINE RAILROAD CO. *ET AL.*

(126. S. E., 645)

Carriers—Charge Held not to Have Instructed Jury that Intermediate Carrier Could be Held Liable for Damages not Occurring on Own Line.—In action against two intermediate railroads for damage to fish, charge including statement that "that doesn't change what I have already said," in reply to counsel's suggestion that connecting carrier was bound only to safely carry over its own line, *held* not to have instructed jury that intermediate railroad could be held liable for damage that did not occur on its own line.

Before WHALEY, J., County Court, Richland, March 1924.   Affirmed.

Action by the Columbia Fish & Ice Co. against The Atlantic Coast Line Railroad Company and another.   Judgment for plaintiff against the named defendant, and it appeals.

*Messrs. Douglas McKay* and *John J. Murray,* for appellant, cite: *Unusual delay does not raise the presumption of negligence; plaintiff must prove negligent delay:* 234 S. W., 366; 235 S. W., 148; 237 S. W., 906; 239 S. W., 871; 106 Ill. App., 563.   *Duties of the connecting carrier:* 72 Atl., 193; 148 N. W., 529.   *Liability of a connecting carrier:* 36 S. C., 110, *and cases cited:* 4 R. C. L., 883; 60 L. Ed., 836; 60 L. Ed., 1022; 66 L. Ed., 665; 66 L. Ed., 689; 27 L. Ed., 325; 21 L. Ed., 297; 24 L. Ed., 336. *Limitation of liability:* 57 L. Ed., 683; 36 S. C., 110; 43 S. C., 461; 62 S. C., 414; 79 S. C., 297; 87 S. C., 381; 102 S. C., 211; 88 App. Div. 320.   *Assumption of risk to re-ice:* 78 S. C., 197.

*Mr. Edward L. Craig,* for respondent, cites: *Judge's charge with reference to shipment of this kind, correct:* 10 L. R. A. (N. S.), 317; 10 L. R. A. (N. S.), 615; 119 Atl., 681.

February 26, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages to a carload of fish, in transit from Gasparilla, Fla., to Columbia, S. C.   Four railroads handled the shipment.   Two intermediate railroads were sued, to wit, the Atlantic Coast Line Railroad and the Southern Railway.   A verdict was found against the Coast Line alone.   From the judgment entered upon this verdict, this appeal is taken.

There are three exceptions, but really there is but one question, namely, Did the presiding Judge charge the jury

that an intermediate railroad could be held liable for damage that did not occur on its own line? The exceptions are as follows:

"(1) His Honor erred in charging the following: 'Where a carrier undertakes to carry perishable commodities in refrigerator cars, it is its duty to provide a supply of ice ample for the purpose, not merely at the point of shipment, but at such places along its lines as will reasonably insure a safe transit to the point of destination'—because the main conflict in the testimony in this case centered around the question as to whether it was the duty of this defendant appellant, or of its connecting carrier, the defendant Southern Railway Company, to re-ice this shipment at Savannah and such charge, when applied to the facts of this case, placed upon this appellant the duty of providing sufficient ice to insure a safe transit to the point of destination, whereas this appellant, an intermediate carrier, was bound only to supply sufficient ice to insure safe delivery to its next connecting carrier.

"(2) His Honor erred in charging the following: 'The refrigerator must be continuous, where ordinary care so requires it, and nothing will serve to excuse except an act of God, which could not be foreseen or guarded against'—because such charge eliminated from the jury's consideration the right of the parties to contract, especially with reference to refrigeration, as was the fact in this case, the undisputed testimony being that the bill of lading carried the following notation: 'Iced through to destination unless delayed.'

"(3) His Honor erred in refusing this defendant's request to charge the following principle of law: 'The settled rule is that in the absence of statute or special contract, each connecting carrier, on a through route, is bound only to safely carry over its own line and safely deliver to the next connecting carrier'—because said principle is a sound proposition of law, was peculiarly applicable to the facts of this case, and his failure to charge the same was prejudicial to

the rights of appellant, especially so when taken in connection with his Honor's remark in open Court before the jury when requested to charge said principle, that 'that doesn't change what I have already said.' "

The attorney for the appellant, apprehending that there might be some confusion in the minds of the jury, put in, at the end of the charge, a request to charge, to clear up the matter. The record shows:

"Mr. Murray: This principle here—the settled federal rule—is that, in the absence of statute or special contract, each connecting carrier, on a through route, is bound only to safely carry over its own line and safely deliver to the next connecting carrier.

"The Court: That doesn't change what I have already said. You are entitled to all these exhibits, Mr. Foreman."

His Honor had charged clearly:

"Now, there is the plaintiff suing these two defendants, alleging negligence against each or both of them, and, before the plaintiff can recover in this case, the plaintiff must make out its plea of negligence against either or both before it can recover against either one or both of the defendants, or before it can recover against the two together, and it must make it out by the preponderance or greater weight of the testimony."

"That doesn't change what I have already said" is a negative statement. The positive statement would be "that agrees with what I have already said." In other words, the trial Judge recognized the proposition as correct, and tried to make it clear. We think he did make it clear.

The judgment appealed from is affirmed.

MR. JUSTICE WATTS and ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.